Entered on Docket
January 25, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: January 25, 2010

_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge
_____



1 KATHERINE JOHNSON (CA SBN 259854)
CASPER J. RANKIN (CA SBN 249196)
2 JOSEPH C. DELMOTTE (CA SBN 259460)
PITE DUNCAN, LLP
3 4375 Jutland Drive, Suite 200
P.O. Box 17933
4 San Diego, CA 92177-0933
Telephone: (858) 750-7600
5 Facsimile: (619) 590-1385

7 Attorneys for WELLS FARGO BANK, NA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| In re | Case No. 08-12670-AJ |
|---|---|
| BENJAMIN ROBERT GONGORA AND MARILYN ABIGAIL GONGORA, | Chapter 7 |
| | R.S. No. JBA-1938 |
| | ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY |
| | DATE: January 14, 2010<br>TIME: 9:00 a.m. |
| Debtor(s). | Northern District of California - Santa Rosa Division<br>United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404-6524 |

The above-captioned matter came on for hearing on January 14, 2010 at 9:00 a.m., upon the Motion of Wells Fargo Bank, NA ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Benjamin Robert Gongora and Marilyn Abigail Gongora ("Debtors") commonly known as 10933 E. Clovis Ave, Mesa, Arizona 85208 (the "Real Property"), which is legally described as follows:

/././

- 1 -

LOT 105, OF SIGNAL BUTTE MANOR, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 504 OF MAPS, PAGE 17 AND AFFIDAVIT OF CHANGE RECORDED AS 99-0772084, OF OFFICIAL RECORDS.

EXCEPT ALL MINERAL AND OIL RIGHTS, AS RESERVED IN INSTRUMENT RECORDED IN DOCKET 2140, PAGE 422, RECORDS OF MARICOPA COUNTY, ARIZONA.

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. The automatic stay of 11 U.S.C. § 362, is hereby terminated as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust, and pursuant to applicable state law;

2. Movant is authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

3. The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is waived;

4. Post-petition attorney's fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

5. Upon foreclosure, in the event Debtors fail to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law;

6. Movant may offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case; and

7. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

** END OF ORDER **